**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| RITA A. MCCOY, | : | Case No. 10-1-6023-PM |
| | : | Chapter 13 |
| Debtor. | : | |
| | : | |

**TRUSTEE'S OBJECTION TO DEBTOR'S**
**CHAPTER 13 PLAN DATED MARCH 22, 2010**

Timothy P. Branigan, Chapter 13 trustee in the above-captioned case ("Trustee"), pursuant to section 1325 of the Bankruptcy Code and Bankruptcy Rule 3015(f) objects to confirmation of the Debtor's Chapter 13 plan dated March 22, 2010 (the "Plan"). In support of his opposition, the Trustee respectfully represents the following:

1. The Debtor commenced this case under Chapter 13 on March 22, 2010. The Plan proposes to pay $1,293.97 monthly for 60 months for a gross funding of $77,638.20.

2. The Plan must be amended to surrender the timeshare and to add the Internal Revenue Service's priority claim.

3. The Debtor has failed to provide documentation supporting income listed on Schedule I of $5,700.00 per month for retirement income as requested by the Trustee at the meeting of creditors. Accordingly, the Trustee cannot determine whether the Plan is feasible. The Plan does not satisfy the requirements of section 1325(a)(6) of the Bankruptcy Code. At this time, the Debtor has failed to fully cooperate with the Trustee as required under section 521(a)(3) of the Bankruptcy Code.

4. The Debtor overwithholds income taxes by approximately $659.00 per month. The Plan fails to provide that all of the Debtor's projected disposable income will be applied to

make payments to unsecured creditors under the Plan. The Plan does not satisfy the requirements of section 1325(b)(1)(B) of the Bankruptcy Code.

5. The Debtor has failed to amend Schedule I to substitute retirement income for her net monthly take home pay and failed to provide proof of electricity expense, her whole life policy, proof of surrender, and the HUD-1 settlement statement with an explanation as to the disposition of proceeds from the 2009 refinance as requested by the Trustee. At this time, the Debtor has failed to fully cooperate with the Trustee as required under section 521(a)(3) of the Bankruptcy Code.

6. Accordingly, the Plan should not be confirmed.

**PLEASE TAKE NOTICE** THAT *THIS OBJECTION MUST BE RESOLVED AT LEAST 2 BUSINESS DAYS PRIOR TO THE CONFIRMATION HEARING*. AFTER THAT TIME, THE TRUSTEE MAY DECLINE TO ACCEPT MATERIALS THAT HE HAS REQUESTED FROM THE DEBTORS. THE TRUSTEE MAY DECLINE TO DISCUSS THE CASE AT THE CONFIRMATION HEARING. THE DEBTORS SHOULD EXPECT THAT ANY UNRESOLVED OBJECTION WILL BE HEARD BY THE COURT.

Respectfully submitted,

May _17_, 2010

\s\ Timothy P. Branigan
Timothy P. Branigan (Fed. Bar No. 06295)
Chapter 13 Trustee
P.O. Box 1902
Laurel, Maryland 20725-1902
(301) 483-9118

**Certificate of Service of Objection to Chapter 13 Plan**

I hereby certify that, to the extent that the following persons were not served electronically via the CM/ECF system, I caused a copy of the pleading referenced above to be sent on May 17, 2010 by first-class U.S. mail, postage prepaid to:

Rita A. McCoy
1323 Chilton Drive
Silver Spring, MD 20904

Adam B. Ross, Esq.
4301 Garden City Drive, Suite 300
Landover, MD 20785

\s\ Timothy P. Branigan
Timothy P. Branigan (Fed. Bar No. 06295)